IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                           Civil No. 07-2340-KHV-DJW

KEVIN E. FRYE and
KRISTINA L. FRYE,

        Defendants.

## JOURNAL ENTRY OF DEFAULT JUDGMENT AND FORECLOSURE

Comes on for hearing the Complaint of the United States (Doc.1) and its Motion For Judgment By Default Against Defendants With Affidavit Attached (Doc. 6). The United States appears by Eric F. Melgren, United States Attorney for the District of Kansas, and David D. Zimmerman, Assistant United States Attorney for said District. The Defendants do not appear. There are no other appearances.

The Court, upon examining its files and pleadings herein, finds as follows:

1.      The Complaint was filed in this Court on August 1, 2007 (Doc. 1). The Court has subject matter jurisdiction of this matter and personal jurisdiction over the parties named in this action. Venue is proper in this Court.

2.      Defendant, Kevin E. Frye, was personally served with a copy of the complaint and summons by a Deputy of the Office of the United States Marshal on September 12, 2007 (Doc. 2). Said service of summons is hereby approved.

3.      Defendant, Kristina L. Frye, was personally served with a copy of the complaint and summons by a Deputy of the Office of the United States Marshal on September 12, 2007 (Doc. 3). Said service of summons is hereby approved.

4. The Defendants failed to appear, plead, or otherwise defend herein within the time allowed, and default was entered by the Clerk of the Court against the Defendants on October 24, 2007 (Doc. 5).

5. Plaintiff has no information to indicate that either Defendant is an infant or incompetent person or in the military service of the United States within the purview of the Soldiers' and Sailors' Relief Act of 1940 as amended.

6. Defendants are wholly in default and the United States is entitled to have default judgment entered in its favor against the Defendants.

7. On or about April 23, 1996, the Defendants, Kevin E. Frye and Kristina L. Frye, executed and delivered to Plaintiff, acting through the Farmers Home Administration, now Rural Housing Service, United States Department of Agriculture, a promissory note whereby they promised to pay the Plaintiff the sum of $65,600.00 with interest thereon at 6.75 percent per annum. As consideration for the note, the Plaintiff made a Rural Housing loan to the Defendants pursuant to the provisions of Title V of the Housing Act of 1949 (42 U.S.C. § 1471, et seq.).

8. At the same time and place and as part of the same transaction, to secure the payment of the note, the Defendants, Kevin E. Frye and Kristina L. Frye, executed and delivered to the Plaintiff, a purchase-money security interest in the form of a real estate mortgage upon certain real estate in Johnson County, Kansas, within the jurisdiction of this Court, to-wit:

> Lot 20, Block 4, Demeadows 6th Plat, a Subdivision in the City of DeSoto, Johnson County, Kansas.

9. This mortgage was recorded in the office of the Register of Deeds of Johnson County, Kansas, on April 25, 1996, in Book 4861 at Page 484.

10. Plaintiff is the owner and holder of the promissory note and real estate mortgage.

11. The Defendants, Kevin E. Frye and Kristina L. Frye, have failed to pay Plaintiff installments of principal and interest when due in violation of the provisions of the note and mortgage. The Plaintiff has accelerated the indebtedness and made demand for payment in full. No payment has been received.

12. Pursuant to the Housing Act of 1949, as amended, 42 U.S.C. § 1490a, and the implementing regulations, 7 C.F.R. 3550.162, the real estate mortgage also secured the recapture of interest credit or subsidy granted to the Defendants, Kevin E. Frye and Kristina L. Frye. The total amount of interest credit or subsidy subject to repayment is $8,572.56.

13. The Defendants, Kevin E. Frye and Kristina L. Frye, now owe Plaintiff, under the provisions of the promissory note and real estate mortgage a balance of $78,442.18 principal; and accrued interest on principal in the amount of $9,352.27, as of July 11, 2007, plus interest accruing thereafter at the daily rate of $14.5061 on principal to the date of judgment herein; and $8,572.56 in interest credit or subsidy subject to repayment.

14. No other action has been brought for the recovery of said sum or any part thereof, nor has said sum or any part thereof been paid.

15. The Plaintiff has completed all loan servicing requirements of Title V of the Housing Act of 1949, 42 U.S.C. § 1471, et seq., and all rules and regulations issued pursuant thereto.

16. Less than one-third (1/3) of the original indebtedness secured by the mortgage was paid prior to default.

17. Defendants have refused to make payment of said amounts due and are wholly in default under the terms of the promissory note and real estate mortgage, and the mortgage is

subject to foreclosure. Plaintiff is, therefore, entitled to the foreclosure of its mortgage and to have its mortgaged property sold to satisfy the debt, interest and costs constituting a lien on the property.

18. The interests of all the Defendants are junior and inferior to the interests of Plaintiff.

WHEREFORE IT IS ORDERED, ADJUDGED AND DECREED that the findings of this Court are hereby made the order of this Court.

IT IS FURTHER ORDERED that the United States is granted judgment against Defendants, Kevin E. Frye and Kristina L. Frye, in the sum of $78,442.18 principal; together with accrued interest on principal in the amount of $9,352.27, as of July 11, 2007, plus interest accruing thereafter at the daily rate of $14.5061 on principal; plus post-judgment interest at the legal rate set forth in 28 U.S.C. § 1961, which is <u>3.93</u>%, plus filing fees allowed pursuant to 28 U.S.C. § 2412(a)(2), plus court costs and the costs of this action presently and in the future incurred.

IT IS FURTHER ORDERED that the United States is granted judgment foreclosing its mortgage on the subject real property.

IT IS FURTHER ORDERED that if the amount owing Plaintiff is not paid within ten (10) days from this date, an order of sale directed to the United States Marshal for the District of Kansas shall issue upon proper motion being filed, commanding him to advertise and sell the described land and real estate at public sale at the front door of the Johnson County Courthouse, Olathe, Kansas, as though taken on execution and without appraisal, and subject to confirmation of the sale by this Court.

IT IS FURTHER ORDERED that Plaintiff may bid up to the full amount due it at the time of the sale without paying funds into the Court, which bid shall satisfy the requirement for a cash sale.

IT IS FURTHER ORDERED that out of the proceeds arising from the sale, there be satisfied in the following order, as far as the same shall be sufficient:

(1) Filing fees allowed pursuant to 28 U.S.C. § 2412(a)(2);

(2) The costs of the sale and of this action;

(3) The interest accruing on Plaintiff's judgment against the Defendants, Kevin E. Frye and Kristina L. Frye;

(4) Plaintiff's judgment against the Defendants, Kevin E. Frye and Kristina L. Frye; and

(5) The balance, if any, be brought into this Court to await its further order.

IT IS FURTHER ORDERED that the real estate being foreclosed upon and sold herein shall be sold at public sale in accordance with 28 U.S.C. §§ 2001-2003, inclusive. As a default occurred before one-third of the original indebtedness secured by the mortgage was paid, the sale shall be subject to a redemption period not to exceed three months, pursuant to the provisions of K.S.A. § 60-2414, unless any rights of redemption are extinguished by the Court or are otherwise waived by the Defendants. The sale shall be subject to any unpaid real property taxes or special assessments.

IT IS FURTHER ORDERED that upon confirmation of the sale by this Court, the United States Marshal for the District of Kansas shall issue a Certificate of Purchase to the purchaser, unless the redemption period of the Defendants is extinguished by the Court or is otherwise

waived by Defendants; in which event the United States Marshal shall issue a Sheriff's Deed to the purchaser. If the Defendants' rights of redemption are not extinguished or waived, then upon expiration of the Defendants' redemption period without redemption of the property, the Marshal shall issue a deed conveying the real estate upon presentation of the Certificate of Purchase. This deed shall convey the real estate to the holder of the Certificate of Purchase, and the Defendants herein and all persons claiming by, through or under them, shall be forever barred and excluded of any and all right, title, estate, equity or interest in, claim to or lien upon or against the real estate or any part or portion thereof.

IT IS FURTHER ORDERED that if the purchaser of the real estate is denied possession thereof, a Writ of Assistance will issue out of this Court upon the filing of a proper Motion therefore and without further order of the Court to place the purchaser of the real estate in peaceable possession thereof.

Dated this 8th day of November, 2007, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

Approved by:

ERIC F. MELGREN
United States Attorney for the
District of Kansas

s/ David D. Zimmerman

DAVID D. ZIMMERMAN
Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas 66101
Kan. Fed. Bar No. 23486
(913) 551-6730 (telephone)
(913) 551-6541 (facsimile)
E-mail: David.Zimmerman@usdoj.gov
ELECTRONICALLY SUBMITTED
      Attorneys for Plaintiff